Ms. Becky Del Rio, Chair Arkansas Board of Examiners in Speech-Language Pathology Audiology 101 E. Capitol, Suite 211 Little Rock, AR 72201
Dear Ms. Del Rio:
You have presented the following question for my opinion:
 Could the use of the title "Audioprosthologist" be misleading and consequently a violation of any part of the law governing the licensure of speech-language pathologists and audiologists?
You indicate particular concern with whether the use the title "Audioprosthologist" violates A.C.A. § 17-100-301, which states:
 (a) No person shall practice or represent himself or herself as a speech-language pathologist or audiologist in this state unless he or she is licensed in accordance with the provisions of this chapter.
A.C.A. § 17-100-301(a).
RESPONSE
It is my opinion that the use of the title "Audioprosthologist," in and of itself, is not misleading and does not constitute a violation of the law governing the licensure of speech-language pathologists and audiologists. However, a person using the title "Audioprosthologist" cannot practice "audiology" without being licensed as an audiologist.
The term "audioprosthology" has been used by the General Assembly and is therefore recognized under Arkansas law. Although the state does not define the term "audioprosthology," and does not offer licensure of audioprosthologists, the status of audioprosthology as a recognized practice is given a certain level of credence in the law. More specifically, the statutes governing hearing aid dispensers require that applicants for licensure thereunder satisfy one of several alternative prerequisites (in addition to meeting other requirements for licensure). Among the prerequisites from which applicants for licensure as a hearing aid dispenser may choose is a requirement that the applicant "[b]e a graduate of an American Conference of Audioprosthology program." A.C.A. § 17-84-304(e)(4).
The root "audio," as used in both "audiology" and "audioprosthology," is clearly a derivation from the Latin term "audire," which means "to hear," and is commonly used in numerous other English words that are related in varying ways to hearing and sound. See MSN Encarta Online Dictionaries.
The Latin basis for these and many other English terms is very much in the public domain. It is therefore entirely reasonable that two different professions or practices that deal with hearing and sound would both utilize titles based on the root "audio," despite the fact that their particular scopes of practice may be entirely different from one another. Although the English-speaking public is likely to conclude that both audiologists and audioprosthologists deal with hearing and sound in some way, the two terms are different enough to apprise the public that the two practices are not the same.
Because the Latin-based root term "audio" is so commonly used in the English language to refer to numerous and varying matters related to hearing and sound, and because the General Assembly has recognized that the term "audioprosthology" refers to a particular practice related to hearing, I believe that a court would be reluctant to hold that the mere use of the title "Audioprosthologist" constitutes a misleading representation of oneself as an audiologist. I must note, however, that I recognize that the term "audioprosthologist," like numerous other terms bearing a resemblance to the term "audiologist," can under certain factual situations, be used in a way that is designed to mislead the public. Nevertheless, it is not the term itself, but the ancillary facts surrounding its use that would constitute such wrongful conduct.
My conclusion regarding this matter is bolstered by the policy reflected in the Code of Ethics that has been promulgated by the Arkansas Board of Examiners in Speech-Language Pathology Audiology. The Board's Code of Ethics reflects a policy that recognizes the overlap between its professions and other hearing-related professions and practices; the Code of Ethics eschews interference with those other practices and professions. More specifically, the Code of Ethics includes the following provision:
SECTION 11. SCOPE OF PRACTICE
Preamble
 The purpose of this statement is to define the scope of practice of speech-language pathology and audiology in order to (1) inform persons of activities for which licensure in the appropriate area is required, and (2) to educate health-care and education professionals, consumers, and members of the general public of the services offered by speech-language pathologists and audiologists as qualified providers.
 The scope of practice defined here, and the areas specifically set forth, are part of an effort to establish the broad range of services offered within the profession. It is recognized, however, that levels of experience, skill and proficiency with respect to the activities identified within the scope of practice will vary among the individual providers. Similarly, it is recognized that related fields and professions may have knowledge, skills, and experience which may be applied to some areas within the scope of practice. Notwithstanding, these rules strictly govern the practice described herein of speech-language pathology and audiology. By defining the scope of practice of speech-language pathologists and audiologists, there is no intention to exclude members of other professions or related fields from rendering services in common practice areas for which they are competent by virtue of their respective disciplines.
 Finally, it is recognized that speech-language pathology and audiology are dynamic and continuously developing practice areas. In setting forth some specific areas as included with the scope of practice, there is no intention that the list be exhaustive or that other, new, or emerging areas be precluded from being considered as within the scope of practice.
Rules and Regulations of the State Board of Examiners in Speech-LanguagePathology and Audiology, § 11 (emphasis added). The Arkansas Board of Examiners in Speech-Language Pathology Audiology has clearly adopted a policy against interfering with other hearing-related practices and professions.
At the same time, however, the Board has a responsibility to ensure that only licensed individuals are practicing speech-language pathology and audiology. Therefore, a person who is an "audioprosthologist" and who is not licensed as an audiologist cannot perform the functions of an audiologist. I recognize that these functions may overlap. Nevertheless, the practice of audiology without a license constitutes a violation of the law in Arkansas, see A.C.A. § 17-100-301(a), and the Board has a responsibility to pursue such violations and to deal with them according to law. See A.C.A. § 17-100-202. For a discussion of the perils of overlapping licensed professions, see Op. Att'y Gen. No. 2003-384.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General